J. S29037/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| SAVOY S. ROBINSON, | : | No. 3487 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order Entered November 9, 2018,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0807931-2004

BEFORE: BENDER, P.J.E., LAZARUS, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED JULY 24, 2019**

Savoy S. Robinson appeals ***pro se*** from the November 9, 2018[1] order

entered in the Court of Common Pleas of Philadelphia County denying his serial

petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A.

§§ 9541-9546. We affirm.

The PCRA court set forth the following procedural history:

> On April 13, 2005, appellant was sentenced to life plus
> 2 ½ - 5 years['] incarceration after a jury found him
> guilty of first degree murder and possession of an
> instrument of crime in the shooting death of
> Geary Turner on July 11, 2004, at the Coleman Hall
> halfway house in Philadelphia.[Footnote 1] A direct
> appeal was taken and the judgment of sentence was
> affirmed by the Superior Court of Pennsylvania on
> November 14, 2006 ([***Commonwealth v. Robinson***,

---

[1] We note that on November 2, 2018, the trial court issued an order dismissing the instant PCRA petition, but that order was not filed until November 9, 2018. The caption has been amended to reflect the date the order was docketed.

No. ]1676 EDA 2005[, unpublished memorandum (Pa.Super. filed November 14, 2006)]). The Supreme Court of Pennsylvania denied appellant's petition for review on May 15, 2007 ([***Commonwealth v. Robinson***,] 583 EAL 2006[, 923 A.2d 1173 (Pa. 2007)]). On July 10[,] 2007, appellant filed a timely first PCRA [petition] which, following review, was dismissed without a hearing on October 3, 2008. The Superior Court affirmed the dismissal on November 24, 2009 ([***Commonwealth v. Robinson***, No. ]2895 EDA 2008[, unpublished memorandum (Pa.Super. filed November 24, 2009)]). Appellant did not file a petition for allowance of appeal. On August 1, 2012, appellant filed a second PCRA petition but, on September 10, 2013, the petition was withdrawn at appellant's request. On September 26, 2013, appellant filed his third petition for PCRA relief. Following review and proper notice, appellant's petition for relief was dismissed as untimely on February 10, 2014. Dismissal was affirmed by the Superior Court on January 16, 2015 ([***Commonwealth v. Robinson***, No. ]805 EDA 2014[, unpublished memorandum (Pa.Super filed January 16, 2015)]). On June 3, 2015, appellant filed his fourth PCRA petition claiming newly discovered evidence that his constitutional rights had been violated. On July 28, 2015, following review and proper notice, appellant's petition was dismissed as untimely. The Superior Court affirmed on February 18, 2016, ([***Commonwealth v. Robinson***, No. ]2437 EDA 2015[, unpublished memorandum (Pa.Super. filed February 18, 2016)]) and appellant's petition for allowance of appeal was denied on June 29, 2016 ([***Commonwealth v. Robinson***,] 97 EAL 2016[, 141 A.3d 480 (Pa. 2016)]). On April 5, 2017, appellant filed his fifth petition for PCRA relief, claiming the newly discovered facts and the newly recognized constitutional right exceptions to the PCRA timeliness requirements. Following review [of] the petition, the controlling law and proper notice, on June 23, 2017, appellant's petition was dismissed as untimely. Dismissal was affirmed on January 23, 2018 ([***Commonwealth v. Robinson***, No. ]2281

> EDA 2017[, unpublished memorandum (Pa.Super. filed January 23, 2018)]).
>
> > [Footnote 1] 18 Pa.C.S.[A.] §§ 2502 and 907, respectively.
>
> On August 13, 2018, appellant filed the instant petition for relief asserting all three exceptions to the PCRA timeliness requirements. Specifically, appellant complains that the Court, having served as a prosecutor in the Homicide Division of the District Attorney's Office, which he alleges constitutes a conflict of interest, and the Court's denial of his previously filed PCRA petitions, establishes governmental interference. He became aware of the alleged governmental interference as defined by ***Williams v. Pennsylvania***, 136 S.Ct. 1899 (2016)[,] and ***Commonwealth v. Williams***, 641 Pa[.] 283, 168 A.3d 97 (Pa. 2017)[,] on July 31, 2018. The Court reviewed both cases and determined that appellant's assertions were insufficient to overcome the PCRA time bar. On August 24, 2018, a notice pursuant to Pa.R.Crim.P. 907 was filed and served on appellant. On September 14, 2018, the Court received appellant's response to the notice, alleging a miscarriage of justice as all prior counsel were ineffective; that trial counsel's failure to request a copy of the VHS tape, relying instead upon the Commonwealth's representations rather than conducting his own investigation, constituted a miscarriage of justice. Following a second review, appellant's sixth petition for PCRA relief was dismissed as untimely. This appeal followed.

PCRA court opinion, 12/19/18 at 1-3 (footnote 2 omitted). The PCRA court

did not require appellant to file a concise statement of errors complained of

on appeal pursuant to Pa.R.A.P. 1925(b).[2] The PCRA court filed its Rule 1925(a) opinion on December 19, 2018.

Appellant raises the following issues for our review:

> [1.] WHETHER THE PCRA COURT ERRED WHEN THE COURT DETERMINED THAT [APPELLANT'S] PCRA PETITION WAS UNTIMELY WHEREAS A SHOWING OF GOVERNMENTAL INTERFERENCE WAS ESTABLISHED WHICH SATISFIED THE EXCEPTION TO THE TIMELINESS PROVISION?
>
> [2.] WHETHER THE PCRA COURT ERRED WHEN THE COURT DETERMINED THAT [APPELLANT'S] PCRA PETITION WAS UNTIMELY WHEREAS A SHOWING OF MISCARRIAGE OF JUSTICE ENTITLE [SIC] [APPELLANT] RELIEF ON HIS SIXTH PCRA PETITION WHEREAS AN ILLEGAL ALIEN AND/OR A NON-AMERICAN CITIZEN SERVED ON [APPELLANT'S] JURY PANEL AND DEFENSE COUNSEL PROVIDED PREJUDICIAL INEFFECTIVE ASSISTANCE?
>
> [3.] WHETHER THE PCRA COURT ERRED WHEN THE COURT DETERMINED THAT [APPELLANT'S] PCRA PETITION WAS UNTIMELY WHEREAS A SHOWING OF MISCARRIAGE OF JUSTICE ENTITLE [SIC] [APPELLANT] RELIEF ON HIS SIXTH PCRA PETITION WHEREAS TRIAL COUNSEL'S INACTION USURPED THE JURORS [SIC] AUTHORITY TO DETERMINE THE VALUE OF THE VHS TAPE RECORDED FOOTAGE?

Appellant's brief at 3.[3]

---

[2] We note that while appellant was not ordered to file a Rule 1925(b) statement, appellant did list "all issues being appealed" in the caption of his notice of appeal. (**See** appellant's notice of appeal, 11/28/18.)

[3] For ease of disposition, appellant's issues have been re-ordered.

In order to be timely filed, a PCRA petition, including second and subsequent petitions, must be filed within one year of when an appellant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The Supreme Court of Pennsylvania has held that the PCRA's time restriction is constitutionally sound. *See Commonwealth v. Cruz*, 852 A.2d 287, 292 (Pa. 2004). In addition, our supreme court has instructed that the timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction over the petition. *See Commonwealth v. Wharton*, 886 A.2d 1120, 1124 (Pa. 2005); *see also Commonwealth v. Callahan*, 101 A.3d 118, 121 (Pa.Super. 2014) (holding that courts do not have jurisdiction over an untimely PCRA).

Here, appellant's judgment of sentence became final on August 13, 2007, 90 days after our supreme court denied discretionary review and the deadline for filing a petition for writ of *certiorari* in the Supreme Court of the United States expired. *See* 42 Pa.C.S.A. § 9545(b)(3); *see also* U.S. Sup. Ct. R. 13(1) (stating, "A petition for a writ of *certiorari* seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."). Therefore, appellant's

PCRA petition filed on August 13, 2018, 11 years after his judgment of sentence became final, is patently untimely.

If a PCRA petition is untimely filed, the jurisdictional time-bar can only be overcome if appellant alleges and proves one of the three statutory exceptions, as set forth in 42 Pa.C.S.A. § 9545(b)(1). *See Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017); *see also Wharton*, 886 A.2d at 1126 (citation omitted). The three narrow statutory exceptions to the one-year time-bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-234 (Pa.Super. 2012), citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii). A petition invoking an exception to the time-bar must be filed within one year of the date that the claim could have been presented.[4] *See* 42 Pa.C.S.A. § 9545(b)(2). If appellant fails to invoke a valid exception to the PCRA time-bar, courts are without jurisdiction to review the petition or provide relief. *See Spotz*, 171 A.3d at 676.

---

[4] We note that effective December 24, 2018, the time period in which to file a petition invoking one of the three exceptions was extended from sixty days to one year. *See* 42 Pa.C.S.A. § 9545(b)(2). This amendment applies to claims arising one year prior to the effective date of the amendment; arising December 24, 2017 or later. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 3. Because appellant filed his sixth PCRA petition on August 13, 2018, this amendment applies.

Here, appellant attempts to assert the governmental interference exception to the jurisdictional time-bar under Section 9545(b)(1)(i). Our supreme court has held that:

> to satisfy the governmental interference exception, the petitioner must demonstrate (1) that interference by governmental officials prevented him from discovering and bringing his [] claim sooner, and (2) that he could not have known of the governmental interference earlier through the exercise of reasonable diligence.

*Williams*, 168 A.3d at 106, citing *Commonwealth v. Abu–Jamal*, 941 A.2d 1263, 1268 (Pa. 2008).

Appellant argues that the trial judge, who presided over appellant's jury trial and later denied his subsequent serial PCRA petitions, was a former employee of the Philadelphia District Attorney's Office Homicide Division. (Appellant's brief at 12.) Appellant contends that the trial judge:

> had an earlier significant and personal involvement as a pre-trial and trial judge in petitioner's case and made earlier significant and critical adverse decisions against petitioner during his judicial proceedings in the court of Common Pleas. Thusly, [sic] constituting governmental interference which violated the petitioner's rights to due process of law to a fair and impartial PCRA proceeding.

*Id.* at 12-13. Appellant relies on the Supreme Court of the United States' decision in *Williams* to support his argument that the trial judge's former employment violated his due process rights when she later served as judge during his jury trial and subsequent PCRA petitions. (*See* appellant's brief at 14; *see also Williams v. Pennsylvania*, 136 S.Ct. 1899 (2016).)

In **Williams**, the Supreme Court held that "[w]here a judge has had an earlier significant, personal involvement **as a prosecutor** in a critical decision in the defendant's case, the risk of actual bias in the judicial proceeding rises to an unconstitutional level" violating the defendant's due process rights. **Williams**, 136 S.Ct. at 1910 (emphasis added). Here, the trial judge was not the prosecutor in appellant's case but, rather, merely worked at some point in her career for the same District Attorney's Office that later prosecuted appellant. Appellant's reliance on **Williams** is misplaced, and he has failed to invoke the governmental interference exception to the PCRA time-bar.

Therefore, the PCRA court lacked jurisdiction to review appellant's sixth PCRA petition, and we may not review the petition on appeal.[5]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/24/19

---

[5] Inasmuch as appellant raises claims of ineffective assistance of trial counsel, such a claim is not one of the three narrow statutory exceptions to the PCRA time-bar. **See** 42 Pa.C.S.A. § 9545(b)(1)(i-iii).